UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH HAYES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1708 CDP |
| | ) |
| BANK OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Several defendants moved for sanctions under Fed. R. Civ. P. 11. I initially denied the motions as moot when I granted the plaintiffs' motion to voluntarily dismiss this case as a matter of right under Fed. R. Civ. P. 41(a)(1)(A)(i). The defendants immediately asked me to reconsider the order to the extent it denied sanctions. In response to my show cause order, the plaintiffs urged me not to impose sanctions because the federal rules are relaxed for those acting pro se and they are not schooled in law. The defendants vigorously object to these arguments. Plaintiffs have indicated that they still believe they have a valid claim, and say they are now seeking legal counsel.

Although the plaintiffs have filed a number of suits against the same defendants, I will not impose sanctions at this time. I will, however, condition any refiling of this suit or any similar suit against any of these defendants on plaintiffs'

payment of all attorneys fees incurred by defendants resulting from plaintiffs' now-dismissed lawsuits.

District courts retain jurisdiction to rule on motions for sanctions even if filed after a dismissal. *Dunn v. Gull*, 990 F.2d 348, 350 (7th Cir. 1993); *see also Kurkowski v. Volcker*, 819 F. 2d 201, 203 (8th Cir. 1987). Additionally, Fed. R. Civ. P. 11 "makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 394 (8th Cir 1987). While pro se status is not a license to harass and does not make litigants immune from sanctions, it may be considered in determining whether a filing was reasonable, *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990).

Here, the plaintiffs' originally filed case was dismissed for failure to state a claim. *See Hayes v. Bank of America Corp., N.A.*, No. 4:10CV409 RWS (E.D. Mo. July 30, 2010). After dismissal, the plaintiffs filed several other cases. Each of those cases was filed around the same time and each was voluntarily dismissed within a couple of months. The plaintiffs have demonstrated a lack of understanding of the law and have admitted trying to copy other cases they found on the internet, but they also deny improper motives and somehow still believe they have a valid claim. *Cf Carman v. Treat*, 7 F.3d 1379, 1381-82 (8th Cir. 1993)

(upholding an award of sanctions where a pro se plaintiff was given several opportunities to comply with Fed. R. Civ. P. 11 and warned that he could be sanctioned under the Rule).

If plaintiffs actually do attempt to file another case based on the same claims or arising from the same facts against any of the defendants here, they must first pay the attorneys fees and costs incurred by defendants arising from the previously-dismissed lawsuits. *See* Fed. R. Civ. P. 41(d); *Evans v. Safeway Store, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (per curiam) (upholding a district court award of attorneys' fees under Fed. R. Civ. P. 41(d)). Any new cases filed by the plaintiffs will be stayed until the plaintiffs pay the costs and attorneys fees. *See* Fed. R. Civ. P. 41(d)(2).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for reconsideration [#66] is **DENIED**, except to the extent stated above.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2011.